IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Eric Ilevbare, | ) | Case No.: 11-02614-BGC-13 |
| | ) | |
| Debtors. | ) | |
| | | |
| Eric Ilevbare, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A.P. No.: 11-00216 |
| | ) | |
| Auto Credit Finance, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum Opinion**

The matters before the Court are a <u>Motion for Temporary Restraining Order</u> and a <u>Motion for Expedited Hearing</u>, both filed by the Plaintiff on May 18, 2011. The pleadings were filed at about 4:00 p.m., and according to the debtor's counsel were served on Auto Credit Finance by way of facsimile May 19, 2011. An emergency hearing was held at 10:30 a.m. on May 19, 2010. Appearing were the plaintiff-debtor and his attorney, Janna Ifshin. No one appeared for the defendant.

**I. Findings of Fact**

The debtor filed the pending Chapter 13 case at 4:06 p.m. on May 17, 2011. The defendant repossessed the plaintiff's automobile, a 2000 Pontiac Bonneville, on May 17, 2011. The debtor seeks to prevent the defendant from selling the vehicle until the Court can hear all pending matters.

**II. Conclusions of Law**

This matter is governed by Rule 65 of the Federal Rules of Civil Procedure. That rule is applicable to this matter through Rule 7065 of the Federal Rules of Bankruptcy Procedure. Rule 7065 reads, "Rule 65 F.R.Civ.P. applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." Consequently, no security from the debtor is necessary.

Rule 65 further states:

(b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 14 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if the party does not do so, the court shall dissolve the temporary restraining order. On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Writing for the Court of Appeals for the Eleventh Circuit in <u>Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.</u>, 320 F.3d 1205 (11th Cir. 2003), Judge Donald C. Pogue, sitting by designation from the United States Court of International Trade, lists the four requirements that must be met in order for this Court to issue either a temporary restraining order or preliminary injunction. He writes:

> A district court may issue a preliminary injunction where the moving party demonstrates:
>
> (1) a substantial likelihood of success on the merits;
> (2) that irreparable injury will be suffered unless the injunction issues;

2

Case 11-00216-BGC    Doc 7    Filed 05/19/11    Entered 05/19/11 12:25:32    Desc Main
                    Document    Page 2 of 4

> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
>
> (4) if issued, the injunction would not be adverse to the public interest.

Id. at 1210 (citing Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir.2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir.1989)).[1]

### III. Notice

For purposes of Rule 65 of the Federal Rules of Civil Procedure, notice and an opportunity were given to the defendant on May 19, 2011. Plaintiff's counsel filed a Certificate of Notice on May 19, 2011, in this adversary proceeding explaining the notice given. Docket No. 5.

The Court finds, as guided by the opinion in Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205 (11th Cir. 2003), that the temporary restraining order will be issued. As set out in the accompanying order and in accordance with the spirit of Rule 65 encouraging prompt adjudication of matters of this sort, a preliminary injunction hearing on the complaint and related motions will be held on **June 2, 2011, at 9:30 a.m. before The Honorable Tamara Mitchell in Courtroom No. 2** of the Robert S. Vance Federal Building, 1800 Fifth Avenue North, Birmingham, Alabama.

### IV. Conclusions

The Court finds, based on its records, the representations of counsel, and the pleadings, that: (1) there is a substantial likelihood of the debtor's success on the merits; 2) if the defendant were allowed to sell the debtor's automobile, that the debtor would suffer irreparable injury as a sale would prevent the debtor from rehabilitating the automobile in a Chapter 13 case; 3) there is no reasonable likelihood of the property depreciating in value during the time of the restraining order that will be issued forthwith; consequently, the threatened injury to the debtor is greater than any damage the proposed injunction may cause the defendant; and 4) the issuance of the injunction will not disserve the public interest.

For the above reasons and pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that the defendant is due to be enjoined from

---

[1] The same standard applies in considering whether to issue a temporary restraining order. Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

3

selling the debtor's 2000 Pontiac Bonneville until further order of the Court.[2]

DONE this the 19th day of May, 2010.

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BC:pb
cc:    Janna Ifshin, Attorney for Plaintiff
       Auto Credit Finance, Defendant
       Trustee

---

[2]Pursuant to Rule 7065, Federal Rules of Bankruptcy Procedure, a temporary restraining order or preliminary injunction may be issued on application of a debtor without security.

4